[Cite as *Fleet Staff, Inc. v. Ohio Dept. of Job & Family Servs.*, 2018-Ohio-824.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Fleet Staff, Inc., | : | |
| Appellant-Appellant, | : | |
| | : | No. 17AP-718 |
| v. | : | (C.P.C. No. 16CV-4168) |
| Ohio Department of Job and Family Services, | : | (ACCELERATED CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

## D E C I S I O N

### Rendered on March 6, 2018

**On brief:** *Fisher & Phillips LLP, Daniel P. O'Brien,* and *Scott W. Gedeon*, for appellant.

**On brief:** *Michael DeWine*, Attorney General, and *Laurence R. Snyder*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant, Fleet Staff, Inc. ("Fleet Staff"), appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision of the Ohio Unemployment Compensation Review Commission ("commission") finding that Fleet Staff is a successor in interest to Stanley Staffing, Inc. ("Stanley Staffing"). For the reasons that follow, we affirm.

### I. Factual and Procedural Background

{¶ 2} Fleet Staff is a staffing company that provides temporary employees to clients in various states, including Ohio. Stanley Staffing was a separate Ohio staffing company until Fleet Staff and Stanley Staffing entered into a purchase agreement in July 2014.

Under the agreement, Fleet Staff purchased, among other assets, "all" of Stanley Staffing's "customers," "worksite employees and internal staff," "client, employee, and marketing databases," and "furniture & fixtures in acquired offices."   (May 20, 2016 Record of Proceedings at E2535-V36.)

{¶ 3}   On May 6, 2015, appellee, the Ohio Department of Job and Family Services ("ODJFS"), notified Fleet Staff that it had determined Fleet Staff is a successor in interest to Stanley Staffing, effective August 11, 2014.  Fleet Staff requested reconsideration, and the director of ODJFS affirmed the successor-in-interest determination in November 2015. Fleet Staff appealed the director's decision to the commission, and the commission held a hearing regarding the appeal in February 2016.  In March 2016, the commission issued a decision affirming the director's determination.  Pursuant to R.C. 4141.26, Fleet Staff appealed the commission's decision to the trial court, and the trial court affirmed the decision in September 2017.

{¶ 4}   Fleet Staff timely appeals from the trial court's decision.

## II.  Assignments of Error

{¶ 5}   Fleet Staff assigns the following errors for our review:

> [1.] The trial court erred in finding Fleet had acquired all of the integral, operational assets of Stanley Staffing.

> [2.] The trial court erred in finding a transfer due to alleged common ownership, management, or control.

## III.  Standard of Review

{¶ 6}   The common pleas court's standard of review for appeals from decisions of the commission affecting the liability of an employer to pay unemployment compensation contributions or the amount of such contributions is set forth in R.C. 4141.26(D)(2).  This statute states in pertinent part that a common pleas court may affirm a decision of the commission "if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law."  *Id.*  "Reliable" evidence is dependable; that is, it can be confidently trusted.  In order to be reliable, there must be a reasonable probability that the evidence is true.  "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue.  "Substantial" evidence is evidence with some weight; it must have

importance and value. *Our Place, Inc. v. Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 7} This court's role in reviewing a decision of the commission appealed pursuant to R.C. 4141.26 is narrower than that of the trial court. *Miracle Home Health Care, LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-318, 2012-Ohio-5669, ¶ 18. As to issues of fact appealed pursuant to R.C. 4141.26, this court determines only whether the common pleas court abused its discretion in finding that the commission's decision is supported by reliable, probative, and substantial evidence. An abuse of discretion requires more than an error in judgment. To find an abuse of discretion, we must conclude that the trial court's decision was without a reasonable basis and clearly wrong. *Id.* However, this court's review of questions of law is plenary. *Kate Corp. v. Ohio State Unemp. Comp. Review Comm.*, 10th Dist. No. 03AP-315, 2003-Ohio-5668, ¶ 7.

## IV. Discussion

{¶ 8} Fleet Staff's first assignment of error alleges that the trial court erred in finding that Fleet Staff had acquired all assets integral to the operation of Stanley Staffing's business. This assignment of error lacks merit.

{¶ 9} Under Ohio law, employers must contribute to the unemployment compensation fund, and ODJFS is charged with determining the rate at which employers contribute to the fund and maintaining separate accounts for each employer. *Kate Corp.* at ¶ 3; R.C. Chapter 4141. If an employer transfers "all of its trade or business" to another employer or person, the acquiring employer or person is the "successor in interest" to the transferring employer and assumes the "resources and liabilities" of the transferring employer's account, and continues the payment of all contributions, or payments in lieu of contributions, due under R.C. Chapter 4141. R.C. 4141.24(F).

{¶ 10} R.C. 4141.24(H) empowers the director of ODJFS to "establish procedures to identify the transfer or acquisition of a trade or business" and to "adopt rules prescribing procedures for effecting transfers of experience." These procedures are set forth in Ohio Adm.Code 4141-17. Ohio Adm.Code 4141-17-04(A) provides that a transferee "shall become a successor in interest by operation of law" where (1) there is "a transfer of all of the transferor's trade or business" and, (2) at the time of the transfer, "the transferor is liable under Chapter 4141. of the Revised Code." Pursuant to Ohio Adm.Code 4141-17-01(A),

" '[t]rade or business' includes all real, personal and intangible property integral to the operation of the trade or business, and may include the employer's workforce as applicable." "The transferee, as successor in interest, shall assume all of the resources and liabilities of the transferor's account," and the director "shall revise the contribution rates of the transferee to reflect the result of the successorship." Ohio Adm.Code 4141-17-04(B).

{¶ 11} Fleet Staff argues that it did not acquire all integral operational assets of Stanley Staffing because Stanley Staffing's labor and clients were not transferred in total. Fleet Staff asserts that only approximately 30 percent of Stanley Staffing's workforce continued its employment with Fleet Staff after the purchase, and less than one-half of Stanley Staffing's clients were retained by Fleet Staff. According to Fleet Staff, these circumstances demonstrate that it did not acquire all assets integral to the operation of Stanley Staffing's business.

{¶ 12} Fleet Staff's assertion that it did not acquire all assets integral to the operation of Stanley Staffing's business is belied by the purchase agreement between Fleet Staff and Stanley Staffing. Under the express terms of that agreement, Fleet Staff acquired "all" of Stanley Staffing's customers and employees as part of the business transfer. That Fleet Staff did not retain all of Stanley Staffing's employees and clients after the acquisition did not alter the fact that Stanley Staffing sold all of its assets integral to the operation of its business to Fleet Staff. Therefore, the trial court did not abuse its discretion in finding that the commission's decision is supported by reliable, probative, and substantial evidence.

{¶ 13} Accordingly, we overrule Fleet Staff's first assignment of error.

{¶ 14} In its second assignment of error, Fleet Staff asserts the trial court erred in finding it is a successor in interest to Stanley Staffing due to alleged common ownership, management, or control. However, our resolution of Fleet Staff's first assignment of error renders moot the issue raised in its second assignment of error. While Fleet Staff's first assignment of error challenges the commission's successor-in-interest determination under R.C. 4141.24(F), its second assignment of error challenges the commission's successor-in-interest determination under R.C. 4141.24(G), which addresses circumstances involving common ownership, management, or control between transferor and transferee employers. Subsections (F) and (G) of R.C. 4141.24 provide separate bases to reach a successor entity finding. *See Valentine Contrs., Inc. v. Dir., Ohio Dept. of Job &*

*Family Servs.,* 10th Dist. No. 15AP-86, 2015-Ohio-5576, ¶ 20-22 (R.C. 4141.24(F) and (G) require differing analyses in determining whether a party is a successor in interest). Because we find the trial court did not err in affirming the commission's determination that Fleet Staff is a successor in interest to Stanley Staffing under R.C. 4141.24(F), it is unnecessary to address the issue of Fleet Staff's successor-in-interest status based on the application of R.C. 4141.24(G). Thus, Fleet Staff's second assignment of error is moot.

## V. Disposition

{¶ 15} Having overruled Fleet Staff's first assignment of error and found moot its second assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.