[Cite as *Dodson Entertainment I., L.L.C. v. Ohio Dept. of Job & Family Servs.*, 2019-Ohio-3463.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dodson Entertainment I, LLC, | : | |
| Appellant-Appellant, | : | No. 18AP-732 |
| | | (C.P.C. No. 16CV-7958) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Job and Family Services, | : | |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on August 27, 2019

**On brief:** *Boucher & Boucher Co., L.P.A., Richard A. Boucher,* and *Julia C. Kolber*, for appellant.

**On brief:** *Dave Yost,* Attorney General, and *Melissa L. Wilburn,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant, Dodson Entertainment I, LLC ("Dodson Entertainment"), appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision of the Ohio Unemployment Compensation Review Commission ("commission") finding that Dodson Entertainment is the successor in interest to Café Anticoli, Inc. ("Café Anticoli"). For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} In April 2015, Bennett Dodson, who along with his wife Shaun Dodson own Dodson Entertainment, entered into a contract with Leo Anticoli to purchase the restaurant business known as Café Anticoli and the real estate located at 67 South Main Street, Miamisburg, Ohio, for $490,000. Pursuant to the contract, the "business shall include the

liquor license, equipment, supplies, sales records, customer lists, cost records, working inventory, contracts, furnishings, furniture, leasehold improvements, and all other non-cash assets." (Apr. 10, 2015 Contract to Purchase Business and Real Estate at 1.) The purchase did not include the liabilities of the business.

{¶ 3} On June 26, 2015, Leo Anticoli, as president of Café Anticoli, signed a bill of sale transferring to Dodson Entertainment "[a]ll of the equipment, furnishings, fixtures and leasehold improvements" listed on an attached five-page exhibit. The listed items were located throughout the restaurant building, including in the kitchen, the bar area, the dining rooms, and the patio. On the same day, The Publical Group, LLC, and its owners, Bennett Dodson and three of his family members, closed on the purchase of the property at 67 South Main Street. The Publical Group now leases the real estate to Dodson Entertainment.

{¶ 4} After the closing, the building at 67 South Main Street was remodeled and converted from an Italian restaurant to a sports bar and grill. On October 9, 2015, the Ohio Department of Commerce, Division of Liquor Control, transferred the liquor license from Café Anticoli to Dodson Entertainment. Three days later, Dodson Entertainment opened Bennett's Publical Family Sports Grill.

{¶ 5} In February 2016, the Ohio Department of Job and Family Services ("ODJFS") notified Dodson Entertainment that it had determined Dodson Entertainment is the successor in interest to Café Anticoli, and it assigned contribution rates based on that finding. Dodson Entertainment requested reconsideration of that decision, and the ODJFS director affirmed the successor in interest determination in May 2016. Dodson Entertainment appealed the director's decision to the commission, and the commission held a telephone hearing regarding the appeal on July 18, 2016. On August 3, 2016, the commission issued a decision affirming the director's determination. Pursuant to R.C. 4141.26, Dodson Entertainment appealed the commission's decision to the trial court. The trial court affirmed.

{¶ 6} Dodson Entertainment timely appeals from the trial court's decision.

## II. Assignment of Error

{¶ 7} Dodson Entertainment assigns the following error for our review:

The common pleas court committed an abuse of discretion in affirming the decision of the commission.

## III. Standard of Review

{¶ 8} The common pleas court's standard of review for appeals from decisions of the commission affecting the liability of an employer to pay unemployment compensation contributions or the amount of such contributions is set forth in R.C. 4141.26(D)(2). This statute states in pertinent part that a common pleas court may affirm a decision of the commission "if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 4141.26(D)(2). However, "[i]n the absence of such a finding, it may reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." *Id.* "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. "Substantial" evidence is evidence with some weight; it must have importance and value. *Our Place, Inc. v. Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 9} This court's role in reviewing a decision of the commission appealed pursuant to R.C. 4141.26 is narrower than that of the trial court. *Miracle Home Health Care, LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-318, 2012-Ohio-5669, ¶ 18. As to issues of fact appealed pursuant to R.C. 4141.26, this court determines only whether the common pleas court abused its discretion in finding that the commission's decision is supported by reliable, probative, and substantial evidence. An abuse of discretion requires more than an error in judgment. To find an abuse of discretion, we must conclude that the trial court's decision was without a reasonable basis and clearly wrong. *Id.* However, this court's review of questions of law is plenary. *Kate Corp. v. Ohio State Unemp. Comp. Review Comm.*, 10th Dist. No. 03AP-315, 2003-Ohio-5668, ¶ 7.

## IV. Discussion

{¶ 10} Dodson Entertainment's sole assignment of error contends the trial court erred in affirming the decision of the commission finding that Dodson Entertainment is the successor in interest to Café Anticoli. This assignment of error lacks merit.

{¶ 11} Under Ohio law, employers must contribute to the unemployment compensation fund, and ODJFS is charged with determining the rate at which employers contribute to the fund and maintaining separate accounts for each employer. *Id.* at ¶ 3; R.C. Chapter 4141. Pursuant to the first part of R.C. 4141.24(F), "[i]f an employer transfers all of its trade or business to another employer or person, the acquiring employer or person" is the "successor in interest" to the transferring employer and assumes the "resources and liabilities" of the transferring employer's unemployment compensation account, and continues the payment of all contributions, or payments in lieu of contributions, due under R.C. Chapter 4141. Alternatively, pursuant to the second part of R.C. 4141.24(F), "[i]f an employer or person acquires substantially all, or a clearly segregable and identifiable portion of an employer's trade or business, then upon the director's approval of a properly completed application for successorship, the employer or person acquiring the trade or business, or portion thereof, shall be the successor in interest." Thus, an employer may qualify as a successor in interest either by operation of law or through voluntary application, and the standards for qualifying as a successor in interest under these methods are different. *Resource Title Natl. Agency, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-39, 2014-Ohio-3427, ¶ 10.

{¶ 12} R.C. 4141.24(H) empowers the director of ODJFS to "establish procedures to identify the transfer or acquisition of a trade or business" and to "adopt rules prescribing procedures for effecting transfers of experience." These procedures are set forth in Ohio Adm.Code 4141-17. Ohio Adm.Code 4141-17-04(A) provides that a transferee "shall become a successor in interest by operation of law" where (1) there is "a transfer of all of the transferor's trade or business" and, (2) at the time of the transfer, "the transferor is liable under Chapter 4141. of the Revised Code." Pursuant to Ohio Adm.Code 4141-17-01(A), " '[t]rade or business' includes all real, personal and intangible property integral to the operation of the trade or business, and may include the employer's workforce as applicable." Thus, when a "major portion" of a business is transferred, the transfer will

constitute "a transfer of all of the transferor's trade or business" if that transfer "encompasses all the property integral to the operation of the trade or business." *AWL Transport, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 15AP-674, 2016-Ohio-2954, ¶ 22. Whether there is such a transfer is a "case-by-case determination." *Id.* at ¶ 18.

{¶ 13} Dodson Entertainment argues the trial court erred in affirming the commission's finding because the commission applied the incorrect standard in determining whether Dodson Entertainment is the successor in interest to Café Anticoli by operation of law. In the trial court, Dodson Entertainment's argument was limited to the issue of whether the commission's finding was supported by reliable, probative, and substantial evidence. Dodson Entertainment did not argue the commission applied the incorrect legal standard. Thus, Dodson Entertainment has waived this argument. *See Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34 (holding that a party who fails to raise an argument in the court below waives his or her right to raise the argument on appeal). And even if Dodson Entertainment had not waived it, we find it unavailing.

{¶ 14} We agree with Dodson Entertainment's assertion that the commission applied the incorrect standard in reviewing whether it is the successor in interest to Café Anticoli. As set forth above, for a transferee employer to be considered the successor in interest of the transferring employer by operation of law pursuant to the first part of R.C. 4141.24(F), it must acquire "all of [the] trade or business," which means all the property "integral to the operation of the trade or business." If, however, an employer applies to be a successor in interest, the second part of R.C. 4141.24(F), which contains the "substantially all" standard, applies. The parties agree that Dodson Entertainment did not apply to be the successor in interest to Café Anticoli. Therefore, the first part of R.C. 4141.24(F) was the operative provision for determining whether Dodson Entertainment is a successor in interest. In resolving the successor in interest issue, however, the commission reasoned: "Section 4141.24(F) of the Ohio Revised Code provides that an employer can be considered a successor in interest if the employer or person acquires substantially all of an employer's trade or business. The weight of the evidence has established that Dodson Entertainment I, LLC, acquired substantially all of the business of Café Anticoli, Inc." (Aug. 3, 2016 Comm. Decision at 5.) Thus, the commission erroneously applied the "substantially all" standard,

not the all property "integral to the operation of the trade or business" standard. Because the commission applied the incorrect standard, its decision was not in accordance with law. Based on this circumstance, Dodson Entertainment argues the trial court's judgment must be reversed.

{¶ 15} In support of its position, Dodson Entertainment relies heavily on *Chris Haus Auto Sales, LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 17AP-896, 2018-Ohio-4341. In *Chris Haus Auto Sales*, this court held the trial court erred in affirming the commission's decision finding Chris Haus Auto Sales to be a successor in interest because the commission applied the incorrect statutory standard. *Id.* at ¶ 14. In reaching this conclusion, this court found, despite the trial court having applied the correct standard in its successor in interest analysis, that court did "not appear to have recognized the Commission applied the statutory standard for voluntary successorship by application, rather than the standard for automatic successorship by operation of law." *Id.* at ¶ 13. This court reversed the trial court's judgment and remanded the matter to that court with directions to enter a decision reversing the commission's decision and remanding the matter for application of the appropriate statutory standard. *Id.* at ¶ 14.

{¶ 16} Dodson Entertainment asserts that, just as in *Chris Haus Auto Sales*, the trial court here did not recognize that the commission applied the incorrect standard for determining whether it is a successor in interest by operation of law. However, it is unclear whether the appealing party in *Chris Haus Auto Sales* presented this argument in the trial court. Here, the issue clearly was not raised. Furthermore, we do not interpret *Chris Haus Auto Sales* to mandate, regardless of the particular facts of the case, the reversal of the trial court's judgment and remand to the commission when the trial court applied the correct successor in interest standard but the commission did not. R.C. 4141.26(D)(2) allows the trial court, in its review of an appealed commission decision that is not supported by reliable, probative, and substantial evidence and in accordance with law, to "reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." While the trial court here expressly found the commission's decision was in accordance with law, in substance its analysis corrected the legal error the commission committed. Considering the facts and

circumstances of the case at bar, we find it unnecessary to reverse the trial court's judgment and remand the matter to the commission.

{¶ 17} Despite the commission applying the incorrect standard, the trial court considered Dodson Entertainment's successor in interest arguments, applied the correct standard for reviewing the disputed issue, and determined the evidence demonstrated that Dodson Entertainment is the successor in interest to Café Anticoli.  In its appeal to the trial court, Dodson Entertainment argued the commission's decision was not supported by reliable, probative, and substantial evidence because there was not a transfer of all the property integral to the business because it did not assume any liabilities of Café Anticoli, it did not employ the Café Anticoli workforce, and it only acquired the real estate and its fixtures and improvements, and some furnishings and equipment, as reflected in the bill of sale.  The trial court considered and rejected these arguments.  We agree these arguments are unpersuasive.

{¶ 18} Dodson Entertainment asserts that the sale included 67 South Main Street and the property listed in the bill of sale but not sales records, recipes, customer lists, cost records, accounts receivable, working inventory, contracts, or the business name.  As the trial court noted, this assertion is belied by the purchase contract for the sale of 67 South Main Street and the business.  Pursuant to the terms of the contract, the "business [being sold] shall include the liquor license, equipment, supplies, sales records, customer lists, cost records, working inventory, contracts, furnishings, furniture, lease improvements, and all other non-cash assets."  Thus, the sale of the business assets was comprehensive.

{¶ 19} The trial court also correctly found that the fact that Dodson Entertainment decided not to employ Café Anticoli's employees after the sale did not alter the fact that Café Anticoli sold all of its assets integral to the operation of the business to Dodson Entertainment.  *See Fleet Staff, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 17AP-718, 2018-Ohio-824, ¶ 12 (decision not to retain employees after transfer of all assets integral to the operation of the business did not change the terms of the sale for the purpose of determining successor in interest designation by operation of law).

{¶ 20} Lastly, we agree with the trial court's rejection of Dodson Entertainment's argument that it is not a successor in interest because it did not assume any of Café Anticoli's liabilities.  The successor in interest inquiry concerns the transfer of a business'

assets. Whether debts or obligations are transferred is inconsequential in this analysis. *Resource Title Natl. Agency, Inc., supra*, at ¶ 16; *Kate Corp., supra*, at ¶ 13.

{¶ 21} For these reasons, we conclude the trial court did not err in affirming the decision of the commission finding Dodson Entertainment to be the successor in interest to Café Anticoli. Accordingly, we overrule Dodson's sole assignment of error.

## V. Disposition

{¶ 22} Having overruled Dodson Entertainment's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.